IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TODD MOUSEL,

    Plaintiff,

v.                                                                        CV 08-0769 MCA/WPL

TORRANCE COUNTY DETENTION FACILITY,

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

    This matter is before me on a motion to dismiss and a motion to amend. For the reasons that follow, I recommend that the motion to amend be granted and the motion to dismiss be granted in part.

*Background*

    Todd Mousel, acting *pro se*, filed this suit against Torrance County Detention Facilty (TCDF) in New Mexico state court on August 4, 2008, using a preprinted, fill-in-the blank form for suits brought pursuant to the New Mexico Tort Claims Act. (Doc. 1 Ex. A.) He alleged that he was a prisoner of TCDF and that "prior to [his] case being done on June 28, 2008," his case worker informed him that he "was missing 38 days of good time from [his] file." (*Id.* at 1-2.) This was good time that he had earned, but that had never been entered into his file. According to Mousel, an inmate's case worker is required to review the inmate's file and correct any good time errors before the inmate's sentence has been completed. Mousel claimed that he raised this issue with his case worker and the classification supervisor, but his file was not corrected. He stated, "[T]hat sentence

is served and I can not get that time back on my case due to the fact that the case is now closed. That means that I have spent 38 days in prison that I was not supposed to." (*Id.* at 2.) Mousel sought damages for false imprisonment, pain and suffering, and cruel and unusual punishment. (*Id.* at 3.)

TCDF removed the suit to this Court (based on the alleged violation of the prohibition against cruel and unusual punishment) and simultaneously filed a motion to dismiss. (Doc. 1, 3.) The motion contains three grounds for dismissal. First, it asserts that TCDF is not a proper party to the suit because it is simply a prison owned and operated by Corrections Corporation of America (CCA). The motion states that Mousel was housed at TCDF pursuant to a contract between CCA and the New Mexico Corrections Department (NMCD). Second, Mousel failed to allege that CCA acted pursuant to an unconstitutional custom or policy. Third, neither CCA nor TCDF is responsible for the award of good time. Instead, the contract monitor, who is employed by the NMCD rather than CCA, is the ultimate authority regarding good time. The motion also points out that Mousel has not been released from prison, and is serving the second part of back-to-back consecutive sentences.

Mousel filed a motion for an extension of time to respond to the motion to dismiss because of disruptions resulting from his transfer from TCDF to another facility. He was transferred to Guadalupe County Correctional Facility because TCDF was "shut down" to state inmates. (Doc. 7.)

After being granted an extension of time, Mousel filed a motion to amend and a response to the motion to dismiss. (Doc. 8, 9, 11.) In the motion to amend, he sought to substitute CCA as the defendant. (Doc. 11.) In the response, Mousel stated that thirty days before an inmate's "finishing his sentence," the case manager is required to audit the inmate's file to correct any errors in the awarding of good time credits. (Doc. 9 at 1.) He claimed that after the errors in his good time credits were discovered, his case manager, Ms. T. Trujillo, told him she would have to "get with" the

contract monitor regarding how to correct the errors. (*Id.*) Mousel also talked to the contract monitor, Mr. McReynolds, who told Mousel that he had instructed the case manager to correct the errors. (*Id.* at 1-2.) The response concludes by stating that Mousel served thirty-eight extra days as a result of CCA's failure to follow the NMCD's policies and procedures. (*Id.* at 2.) Neither the response nor the motion to amend addresses the second argument in the motion to dismiss, *i.e.*, that Mousel's complaint failed to allege that CCA acted pursuant to an unconstitutional custom or policy.

TCDF filed a reply in support of the motion to dismiss. (Doc. 12.) The reply states that by filing the motion to amend, Mousel effectively admitted that TCDF is not a proper party. It further states that even if this Court grants the motion to amend, Mousel has failed to state a claim against CCA based on the other two grounds asserted in the motion to dismiss.

*Motion to Amend*

Neither CCA nor TCDF filed a response to the motion to amend or otherwise objected to the motion. Although the reply in support of the motion to dismiss mentions the motion to amend, it does not allege any undue prejudice from allowing the amendment. Accordingly, I recommend that the motion to amend be granted. *See* FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").[1]

---

[1] Hereafter, I will refer to the defendant as "CCA."

### *Motion to Dismiss*

A claim may be dismissed if it is not one upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Supreme Court articulated the standard for Rule 12(b)(6) motions in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). Under the *Twombly* standard, a plaintiff must allege sufficient facts to make the claim "plausible on its face." 127 S. Ct. at 1974. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

A complaint that explicitly alleges every fact necessary to win at trial necessarily satisfies the *Twombly* standard. If the complaint omits some necessary facts, "it may still suffice so long as the court can plausibly infer the necessary unarticulated assumptions." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (2008). "Thus, despite the liberality of modern rules of pleading, a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id.* (internal quotation marks and alterations omitted).

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). Moreover, a *pro se* complaint must be liberally construed and is held to less stringent standards than formal pleadings drafted by lawyers. *Id.*

The first asserted ground for dismissal in this case will be resolved by the substitution of CCA for TCDF as the defendant. I will therefore proceed to the second ground—that Mousel's complaint fails to allege an unconstitutional custom or policy.

To the extent he claims that CCA violated the Eighth Amendment's prohibition against cruel and unusual punishment, Mousel's suit arises under 42 U.S.C. § 1983. *See, e.g., Gwinn v. Awmiller*,

354 F.3d 1211, 1214, 1228 (10th Cir. 2004); *see also Roman-Nose v. N.M. Dep't of Human Servs.*, 967 F.2d 435, 437 (10th Cir. 1992) ("The characterization of the action . . . by a pro se litigant is not dispositive on the availability of relief in federal court."). Local governments may not be held liable under a *respondeat superior* theory in a § 1983 case. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Simmons v. Uintah Health Care Special Servs. Dist.*, 506 F.3d 1281, 1284 (10th Cir. 2007). A plaintiff who seeks to impose § 1983 liability on a local government generally must allege that a governmental custom or policy caused his injury. *See Simmons*, 506 F.3d at 1284. "Such a policy or custom may be established by proving the existence of an express policy or custom, or the provision of inadequate training, or a practice so widespread as to constitute custom or usage with the force of law." *Herrera v. County of Santa Fe*, 213 F. Supp. 2d 1288, 1290 (D.N.M. 2002); *see also Barney v. Pulsipher*, 143 F.3d 1299, 1307-08 (10th Cir. 1998) (discussing § 1983 claims for inadequate training and hiring decisions). A local government can also be held liable for actions taken by its final policymakers, because such actions represent official municipal policy. *Simmons*, 506 F.3d at 1285.

As the owner and operator of TCDF, CCA is subject to liability under § 1983 to the same extent as a local government that owns and operates a prison. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003); *see also Smedley v. Corrections Corp. of America*, 175 F. App'x 943, 946 (10th Cir. 2005) ("[I]t is now well settled that *Monell* also extends to private defendants sued under § 1983.") Consequently, to state a claim against CCA, Mousel must allege "that CCA directly caused the constitutional violation by instituting an official . . . policy of some nature . . . that was the direct cause or moving force behind the constitutional violation[]." *Smedley*, 175 F. App'x at 946 (internal quotation marks and citation omitted).

5

Mousel's complaint, construed liberally, does not directly allege that his case worker's failure to correct his good time credits resulted from a policy or custom of CCA or that the case worker is a final policymaker of CCA. Likewise, the complaint does not allege that CCA's training or hiring practices are inadequate. None of these allegations can be fairly inferred from the complaint. CCA's motion to dismiss put Mousel on notice of these deficiencies. Although he filed a motion to amend, Mousel has not attempted to correct the deficiencies. The required allegations are also not included within, and cannot be inferred from, Mousel's response to the motion to dismiss. Accordingly, Mousel has failed to state a § 1983 claim upon which relief can be granted. This claim should be dismissed without prejudice. *See Bryson*, 534 F.3d at 1290. Because CCA's second ground for dismissal is convincing, I find it unnecessary to consider the third ground.[2]

### *Conclusion*

For the reasons explained above, Mousel's claim under § 1983 should be dismissed. His complaint also purports to state a claim under the New Mexico Tort Claims Act and/or for false imprisonment. These state law claims should be remanded back to state court. *See* 28 U.S.C. § 1367(c)(3); *Westinghouse Credit Corp. v. Thompson*, 987 F.2d 682, 684-85 (10th Cir. 1993). I therefore recommend that:

---

[2] I do note, however, that there is another potential problem with maintaining this suit in federal court. Generally, a prisoner cannot seek damages for the deprivation of good-time credits unless the deprivation has previously been invalidated. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). This rule may not apply to a person who is no longer in custody. *Jiron v. City of Lakewood*, 392 F.3d 410, 413 n.1 (10th Cir. 2004). Although Mousel contends that he cannot "get that [good] time back . . . due to the fact that the case is now closed" (Doc. 1 Ex. A at 2), CCA asserts that he is serving the second part of consecutive back-to-back sentences. It is apparent from Mousel's address that he remains in state custody. It therefore appears that the rule of *Edwards* and *Heck* would apply to bar this suit. But it also appears that this rule is not jurisdictional. *See, e.g., Archilta v. Oklahoma*, 123 F. App'x 852, 857 (10th Cir. 2005) (affirming dismissal under *Heck* for failure to state a claim); *Carr v. O'Leary*, 167 F.3d 1124, 1126 (7th Cir. 1999) ("The failure to plead the *Heck* defense in timely fashion was a waiver . . . ."). Because it has not been raised by CCA, I will not consider the issue further.

6

    1) the motion to amend be granted;

    2) the motion to dismiss be granted in part;

    3) Mousel's claim under 42 U.S.C. § 1983 be dismissed without prejudice; and

    4) in all other respects, this case be remanded to state court.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

---

_William P. Lynch_
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE